UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | )  USDC No. 22-cr--233-02  (ABJ) |
| | ) |
| Kevin M. Cronin, II, *defendant*. | ) |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid at sentencing on May 11, 2023 at 2 o'clock p.m. EST when he appears by videoteleconference (VTC) before the Court for his sentencing hearing.

1.  The defendant was charged by complaint in 22-mj-132 (ZMF) on June 10, 2022. The complaint also named his father Kevin M. Cronin and his brother Dylan Cronin.  He made his first appearance in the case on June 23, 2022, before Magistrate Zia M. Faruqui.  He was charged with four misdemeanor offenses resulting from his presence in the Capitol during the protests and riot of January 6, 2021: (a) Entering and Remaining in a Restricted Building (Count One), in violation of 18 U.S.C. §1752(a)(1); (b) Disorderly and Disruptive Conduct Which Impedes the Conduct of Government Business, in violation of 18 U.S.C. §1752(a)(2); (c) Disruptive Conduct in the Capitol Buildings, in violation of 40 U.S.C. 5104(e)(2)(D), and (d) Demonstrating, Picketing or Parading in a Capitol Building, in violation of 40 U.S.C. 5105(e)(2)(G) ("Demonstrating"). He was released on his own recognizance with conditions. (ECF Doc. 21) On July. 13, 2022, the defendant was arraigned by this Court on the criminal Information in the instant case which charged the same offenses. (ECF Doc. 24, filed July 5, 2022)  Since his

release, the defendant has complied with the conditions imposed on the day of his initial appearance.

2. The defendant entered a plea of guilty before this Court to Count Four ("Demonstrating") of the Information on January 19, 2023.  He did so at the earliest time possible; the only impediment was for the government to coordinate the offers among the three defendants.  The remaining charges will be dismissed by the government at sentencing, per the terms of the Plea Agreement. (ECF Doc. 44)  Demonstrating is a petty offense which carries a maximum sentence up to six (6) months imprisonment, a fine of up to $5,000, a term of probation not to exceed five (5) years and a $10 special assessment.  As a petty offense, the U.S. Sentencing Guidelines do not apply. (Presentence Investigation Report ("PSI"), ¶27)  The defendant agreed to pay $500.00 in restitution toward defraying the cost of repairing damage to the U.S. Capitol, repairs which were necessary after the riot.

4.  Defendant and his counsel have reviewed the Draft PSI (ECF Doc. 57) and lodged no objections to it.

5.  The defendant came to Washington with his father and brother for the January 6 rally for then-President Trump on the Ellipse.  They spent the day of January 5 sightseeing, got up early the next day to attend the rally and stayed till its end.  They then walked together to the Capitol.  The defendant entered the building at least twice (he remembers three times) between 2:13 p.m. and 2:38 p.m., when he departed.[1]  He admits that he knew he did not have permission to enter the Capitol on that day.

---

[1] The defendant recalls entering on a third occasion, which he shared during an in-person interview with government agents on March 20, 2023.  On one of those occasions he was trying to locate his brother, then his father.  Though he offers this not as an excuse for his own conduct or a defense to the charges, he was concerned in the commotion for his father, who has very bad knees.

6. While in the Capitol or on its grounds, the defendant did not commit any violent or destructive act, either to persons or property, nor did he encourage others to do so.

7. The defendant has no criminal record of arrests or convictions, juvenile or adult. (PSI, ¶¶25-30) The current crime is a Class B petty offense under the federal code, not subject to the federal sentencing guidelines, but if it were, the defendant's criminal history category would be a I, the lowest level. Moreover, the offense of Demonstrating is not a crime of moral turpitude, nor does it represent misbehavior as does disorderly conduct. Demonstrating, parading and picketing are not illegal *per se*, and in fact are protected by the 1st Amendment, but they may be limited, as they were here, as to time or place. The Capitol was closed to the public that day for a compelling reason: so the Congress could receive the votes of the electoral college and certify the victor of the recent presidential election.[2] The defendant understands that he interfered with that process, and added to the difficulties the officers, who already had their hands full, faced in keeping order. He regrets his actions and takes responsibility for them.

8. The defendant served our country first in the United States Army from August 2014 to August 2018, in the National Guard at a rank E4 as a Signal Communications Specialist the next three years. He received an Honorable Discharge. (PSI, ¶45) While serving, he was a Signal Communications Specialist. (Id.)[3]

9. In addition to his compliance while on release, he submitted to a nearly two-hour long in-person interview with agents on March 20, 2023, in which he described in great detail his

---

[2] One who is admitted lawfully by entering through the Visitor's Entrance on the East Side of the Capitol on days the Capitol is open to the public are not allowed to demonstrate, parade or picket. The *place* of the conduct makes the activity illegal.

[3] The defendant seeks to obtain certification in the security and IT field. He also sought employment doing security work with a semi-public corporation but his application was rejected after a background check appeared to show the open charges in this case were felonies, not misdemeanors.

activity from the time he left Washington state to come to the capital, until his return [4] He has shown respect for the Court from the commencement of charges brought against him.

      10. Under 18 U.S.C. §3553(a) the following factors: (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

      11. The defendant submits that a period of probation, in lieu of incarceration, combined with hours of community service, would satisfy the "need for the sentence…to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." During this time, the defendant would be answerable to the U.S. Probation Office. He would be subject to the jurisdiction of the Court, knowing that any infraction could lead to revocation of the probationary term, with incarceration to follow. Such a term would at the same time provide deterrence specific to the defendant, operating as a disincentive to further criminal behavior.

---

[4] The Plea Agreement required the defendant to "allow law enforcement agents to review any social media accounts…and conduct an interview of your client regarding the events in and around January 6, 2021." (ECF Doc. 44, page 2, §3)

12.  A term of probation would also deter generally.  The public is aware, from the comprehensive coverage of the January 6 events and the arrests that followed, of the serious efforts the government has made to prosecute persons involved with the protests and, in many cases, the violence that was perpetrated.  These cases, from beginning to end, have been watched very closely by the press where defendants live, so the public will likely be aware of the defendant's responsibility for his conduct.  That can serve to deter others in the future in similar situations.

14. For all the reasons noted above, the defendant respectfully requests a sentence of probation with no objection to his performing hours of community service.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Will Widman, Esq., DOJ-CRM, this 26th day of April, 2023.

/s/
_____
*Nathan I. Silver, II*